UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRIZIA BURINSKA,

<em>Plaintiff</em>,

-against-                                                    **COMPLAINT**

THE STATE UNIVERSITY OF NEW YORK; THE                        19-CV-_____
STATE UNIVERSITY OF NEW YORK BOARD OF
TRUSTEES; THE STATE UNIVERSITY OF NEW                         1:19-cv-564 (MAD/ATB)
YORK UNIVERSITY AT ALBANY; THE STATE
UNIVERSITY OF NEW YORK POLYTECHNIC
INSTITUTE; GRACE WANG, Interim President of the
State University of New York Polytechnic Institute; ALAIN
DIEBOLD, individually, and in his official capacity as        JURY TRIAL
Interim Dean, State University of New York Polytechnic        DEMANDED
Institute; RHONDA L. HAINES, individually, and in her
official capacity as Vice President for Human Resources and
Chief Diversity Officer, State University of New York
Polytechnic Institute; KATIE TYNAN-SIMON,
individually, and in her official capacity as Title IX
Coordinator, State University of New York Polytechnic
Institute;  MARK J. LEMIRE, individually, and in his
official capacity as Associate Counsel, State University of
New York Polytechnic Institute; MEGHAN GETMAN,
individually, and in her official capacity as Registrar, State
University of New York Polytechnic Institute; and, JOHN
and JANE DOES, 1-10,

<em>Defendants</em>.

---

Plaintiff, Patrizia Burinska, by her attorney, Jeffrey P. Mans, Esq., as and for a Complaint

against the defendants, allege as follows:

**Preliminary Statement**

1.      Plaintiff was admitted for the Fall 2012 Semester as an undergraduate student at the

State University of New York, University at Albany, Colleges of Nanoscale Science and Engineering,

and enrolled in an approved course of study eventually leading to an earned degree of Bachelor of

Science in Nanoscale Science awarded and conferred upon plaintiff by the State University of New York, Polytechnic Institute, Colleges of Nanoscale Science and Engineering (hereinafter "SUNY Polytechnic"), on May 14, 2016.

2.      Plaintiff's Bachelor of Science degree was awarded and conferred by SUNY Polytechnic, in recognition of plaintiff's verified completion of all degree requirements for plaintiff's approved student-initiated interdisciplinary major in Nanotechnology and Entrepreneurship, with a minor in Business.

3.      The coursework for plaintiff's approved student-initiated interdisciplinary major in Nanotechnology and Entrepreneurship, with a minor in Business, leading to the Bachelor of Science degree conferred upon plaintiff by SUNY Polytechnic on May 14, 2016, was approved by plaintiff's sponsors, academic advisors and university officials at the University at Albany and SUNY Polytechnic, including specific course approval and guidance.

4.      On January 16, 2018, Rhonda L. Haines, VP for Human Resources and Chief Diversity Officer, SUNY Polytechnic, contacted plaintiff and requested a meeting to discuss an "Academic Matter," without providing any details regarding the substance or nature of the meeting.

5.      On January 18, 2018, as requested by Ms. Haines, plaintiff met with Rhonda L. Haines, Vice President for Human Resources and Chief Diversity Officer, SUNY Polytechnic, and Katie Tynan-Simon, Title IX Coordinator, SUNY Polytechnic.  During this meeting, plaintiff: was handed a letter dated January 16, 2018, signed by Alain Diebold, Interim Dean, SUNY Polytechnic, and advised that her Bachelor of Science degree in Nanoscale Science conferred by SUNY Polytechnic in May of 2016, was invalidated and revoked based upon an anonymous complaint and subsequent audit of her coursework indicating that she did not meet minimum degree requirements; was not provided copy of the audit report, although requested; was generally advised that her degree

2

requirements were unsatisfactory and must complete additional coursework for a degree; was made the subject of an inquiry regarding whether she had been sexually harassed or had a relationship with Dr. Alain E. Kaloyeros, former President and CEO of SUNY Polytechnic, and Professor of Nanoscience and Senior VP and CEO, College of Nanoscale Science and Engineering, University at Albany; was handed a folder containing SUNY's Discrimination Complaint Procedure, Charge of Discrimination form, information regarding SUNY Polytechnic's designated Title IX Coordinators, and various related pamphlets and information; and, was encouraged to disclose the nature of her alleged relationship with Dr. Kaloyeros and file a sexual harassment complaint against him.[1]

6.      During said meeting on January 18, 2018, and thereafter, plaintiff was never given any notice or advised that she had an opportunity to be heard, contest, appeal or grieve SUNY Polytechnic's unilateral and arbitrary invalidation and revocation of her degree; nor was plaintiff advised of any specifics regarding the alleged coursework deficiencies.  Instead, plaintiff was generally advised that SUNY Polytechnic had identified several potential options for her to take additional coursework to "earn a degree."

7.      During said meeting on January 18, 2018, plaintiff was shocked, embarrassed, distressed and bewildered by the summary and arbitrary invalidation and revocation of her earned Bachelor of Science degree conferred by SUNY Polytechnic on May 14, 2016, the lack of any specifics regarding the alleged coursework deficiencies, the untoward focus on her alleged relationship with Dr. Kaloyeros, and repeated encouragement to file a complaint against him.  As a

---

1.  Between the time that plaintiff graduated from SUNY Polytechnic in May 2016, and January 2018, when SUNY Polytechnic unilaterally invalidated and revoked plaintiff's BS degree, Dr. Alain Kaloyeros was charged in a federal felony complaint by the U.S. Attorney's Office, SDNY, and a separate New York felony complaint by the New York State Attorney General's Office, on or about September 22, 2016, and resigned as President of SUNY Polytechnic (*see, e.g.*: New York Times website, October 11, 2016, *Cuomo Insider, Caught in Albany Corruption Case*, *Leaves Post at SUNY*, https://www.nytimes.com/2016/10/12/nyregion/alain-kaloyeros-suny-corruption.html).

result, plaintiff left the meeting humiliated and stripped of her degree without warning, and through no fault of her own.  Rather, it appeared to plaintiff that she was targeted and set-up by SUNY Polytechnic and State defendants in an attempt to obtain information from her about the nature of her alleged relationship with Dr. Kaloyeros, and to discredit and bring punitive action against him, by isolating and pressuring plaintiff, and through the unilateral and arbitrary invalidation and revocation of her earned degree.

8.     At the time plaintiff was advised that her degree was being invalidated and revoked by SUNY Polytechnic and State defendants on January 18, 2018, the decision to invalidate and revoke her degree was already a *fait accompli*.

9.     Shortly thereafter, plaintiff contacted an attorney who spoke to Mark J. Lemire, Associate Counsel, SUNY Polytechnic, who was originally scheduled to participate in the meeting when plaintiff's degree was invalidated and revoked.  Plaintiff was advised by her attorney that during her conversation with Mr. Lemire regarding SUNY Polytechnic's invalidation and revocation of the plaintiff's degree, he stated to her that plaintiff did not qualify for any degree, and there was no way plaintiff would get back her degree or any other degree without taking additional coursework.  Mr. Lemire further stated to plaintiff's counsel that the plaintiff was not being victimized because victims cooperate, and plaintiff was not cooperating with them regarding Dr. Kaloyeros.

10.     State defendants' continuing vulgar typification regarding the nature of plaintiff's alleged relationship with Dr. Kaloyeros, and continuing pressure to file a complaint against him, suggests that SUNY Polytechnic and the State defendants actions herein were motivated by bad-faith.

11.     On or about January 24, 2018, plaintiff was advised by Alain Diebold, Interim Dean, SUNY Polytechnic, and Meghan Getman, Registrar, SUNY Polytechnic, that she would need an additional 65 credits to get her degree.

12.     Had SUNY Polytechnic and State defendants been genuinely concerned with the plaintiff's academic and degree qualifications, plaintiff would have been advised and offered an opportunity to explain and substantiate her program, coursework and degree qualifications previously approved by her sponsors, advisors and university officials, instead of having her degree summarily invalidated and revoked, being accused of having an inappropriate relationship that resulted in a degree that she did not earn, and never being advised or offered an opportunity to be heard to explain and substantiate her approved program, coursework and degree qualifications to contest the decision. To the contrary, plaintiff was repeatedly advised by SUNY Polytechnic and State defendants that she needed approximately two (2) years of additional coursework to obtain the degree.

13.     Any assertion by SUNY Polytechnic, university officials, and State defendants, that plaintiff did not qualify, complete the necessary coursework and program requirements to earn the Bachelor of Science degree conferred upon her by SUNY Polytechnic on May 14, 2016, is belied by plaintiff's academic transcript and completion of her previously approved student-initiated interdisciplinary major program and degree requirements established by university officials and advisors prior to conferral of her degree.

**Nature of the Action**

14.     State defendants violated plaintiff's contract, constitutional and civil rights in January 2018, and thereafter, by unilaterally and arbitrarily invalidating and revoking, in bad faith, the Bachelor of Science degree awarded and conferred upon plaintiff by SUNY Polytechnic on May 14, 2016, without providing plaintiff any notice, and without advising or providing plaintiff with an opportunity to be heard, contest, appeal or grieve SUNY Polytechnic's unilateral and arbitrary invalidation and revocation of her degree, in violation of plaintiff's rights secured pursuant to the Contract Clause of Article I, §10, of the United States Constitution, the First and Fourteenth

Amendments to the United States Constitution (freedom of association), the Fifth and Fourteenth Amendments to the United States Constitution (substantive and procedural due process), 42 USC §1983 (civil rights), Article I, §6, of the New York Constitution (contract impairment), and for breach of contract based upon plaintiff's enrollment, compliance with the terms prescribed, and completion of the required courses by SUNY Polytechnic, for the Bachelor of Science degree awarded and conferred upon plaintiff by SUNY Polytechnic on May 14, 2016.

15.     This action seeks declaratory and injunctive relief pursuant to 28 USC §§2201 and 2202, and money damages, to redress the State defendants' deprivation of plaintiff's rights secured pursuant to the Contract Clause of Article I, §10, of the United States Constitution, the First and Fourteenth Amendments to the United States Constitution (freedom of association), the Fifth and Fourteenth Amendments to the United States Constitution (substantive and procedural due process), 42 USC §1983 (civil rights), Article I, §6, of the New York Constitution (contract impairment), and for breach of contract, resulting from the State defendants' January 2018, bad faith, unilateral invalidation and revocation of the Bachelor of Science degree awarded and conferred upon plaintiff by SUNY Polytechnic on May 14, 2016, without providing plaintiff prior notice, an opportunity to be heard, or an opportunity to appeal or grieve the unilateral invalidation and revocation of her degree.

16.     Plaintiff further seeks an order: declaring State defendants' January 2018 unilateral invalidation and revocation of the Bachelor of Science degree awarded and conferred upon her by SUNY Polytechnic on May 14, 2016, unconstitutional in violation of plaintiff's rights secured pursuant to the Contract Clause of Article I, §10, of the United States Constitution, the First and Fourteenth Amendments to the United States Constitution (freedom of association), the Fifth and Fourteenth Amendments to the United States Constitution (substantive and procedural due process), 42 USC §1983 (civil rights), Article I, §6, of the New York Constitution (contract impairment), and

for breach of contract; and, directing State defendants to fully restore to plaintiff all of the rights, titles, privileges and benefits of the Bachelor of Science degree awarded and conferred upon plaintiff by SUNY Polytechnic Institute on May 14, 2016.

## Jurisdiction and Venue

17.     This case is brought pursuant to 42 USC § 1983.  The case arises under the United States Constitution and the laws of the United States and presents a federal question within the Court's jurisdiction under Article III of the U.S. Constitution and 28 USC §§ 1331 and 1343.

18.     The Court has the authority to provide appropriate injunctive and declaratory relief pursuant to 28 USC §§ 2201 and 2202.  Plaintiff seeks monetary damages, attorney's fees, and costs under 42 USC §§ 1983 and 1988.

19.     This Court has supplemental jurisdiction to entertain plaintiff's State law claims pursuant to 28 USC § 1367.

20.     Venue in this Court is proper under 28 USC §1391(b).  All or a substantial part of the acts giving rise to the plaintiff's claims occurred in the Northern District of New York.

## Parties

21.     Plaintiff is a citizen of the United States and resides in the County of Albany, State of New York.  She earned a Bachelor of Science degree conferred by SUNY Polytechnic on May 14, 2016.

22.     Defendant State University of New York (hereinafter "SUNY"), is a corporation within State Education Department possessing such authority prescribed pursuant to New York Education Law, Article 8, among other laws, rules and regulations, vested in and exercised by the SUNY Board of Trustees.

23.    Upon information and belief, defendant SUNY is responsible for Bachelor of Science degrees earned, awarded and conferred upon undergraduate candidates within SUNY, including SUNY Polytechnic.

24.    Defendant SUNY Board of Trustees (hereinafter "Board"), pursuant to New York Education Law §§ 353-355, 359, 374, 376, 5711-5712, 5714 and 6103, among other laws, rules and regulations, is the governing body of SUNY, responsible for the over-all central administration, supervision and coordination of the state-operated, public higher education institutions, including SUNY, SUNY University at Albany (hereinafter "UAlbany"), UAlbany Colleges of Nanoscale Science and Engineering (hereinafter "UAlbany CNSE"), and SUNY Polytechnic.[2]

25.    Upon information and belief, defendant Board is responsible for Bachelor of Science degrees earned, awarded and conferred upon undergraduate candidates within SUNY, including UAlbany and SUNY Polytechnic.

26.    Defendant UAlbany is an entity within SUNY possessing such authority prescribed pursuant to applicable laws, rules and regulations, vested in and exercised by UAlbany.

27.    Upon information and belief, defendant UAlbany is responsible for Bachelor of Science degrees earned, awarded and conferred upon undergraduate candidates within UAlbany.

28.    Defendant UAlbany is named as a defendant herein to the extent that it may be deemed a necessary party regarding any relief which may be awarded to plaintiff by the Court.

---

2.  Based upon public information contained in the SUNY Board of Trustees Handbook available on its website, SUNY's mission statement "shall be to provide to the people of New York educational services of the highest quality, with the broadest possible access, fully representative of all segments of the population in a complete range of academic, professional and vocational postsecondary programs including such additional activities in pursuit of these objectives as are necessary or customary. These services and activities shall be offered through a geographically distributed comprehensive system of diverse campuses which shall have differentiated and designated missions designed to provide a comprehensive program of higher education, to meet the needs of both traditional and nontraditional students and to address local, regional and state needs and goals."(*see* https://www.suny.edu/media/suny/content-assets/documents/boardoftrustees/BOT-GeneralSummaryInformation.pdf).

29.     Defendant SUNY Polytechnic Institute is an entity within SUNY possessing such authority prescribed pursuant to applicable laws, rules and regulations, vested in and exercised by SUNY Polytechnic.

30.     Upon information and belief, defendant SUNY Polytechnic is responsible for Bachelor of Science degrees earned, awarded and conferred upon undergraduate candidates within SUNY Polytechnic, including the Bachelor of Science degree conferred upon plaintiff on May 14, 2016, and the invalidation and revocation of plaintiff's said Bachelor of Science degree, on or about January 18, 2018.

31.     Defendant Dr. Grace Wang is the Interim President of SUNY Polytechnic, and possesses all of the authority, powers, duties and responsibilities prescribed therefor, *inter alia*, pursuant to applicable statutes, rules, regulations and case law.  She is being sued individually, and in her official capacity as Interim President of SUNY Polytechnic.

32.     Upon information and belief, defendant Wang is responsible for Bachelor of Science degrees earned, awarded and conferred upon undergraduate candidates within SUNY Polytechnic, including the Bachelor of Science degree conferred upon plaintiff on May 14, 2016, and the invalidation and revocation of plaintiff's said Bachelor of Science degree, on or about January 18, 2018.

33.     Defendant Alain Diebold is the Interim Dean of SUNY Polytechnic, and possesses all of the authority, powers, duties and responsibilities prescribed therefor, *inter alia*, pursuant to applicable statutes, rules, regulations and case law.  He is being sued individually, and in his official capacity as Interim Dean of SUNY Polytechnic.

34.     Upon information and belief, defendant Diebold is responsible for Bachelor of Science degrees earned, awarded and conferred upon undergraduate candidates within SUNY Polytechnic,

including the Bachelor of Science degree conferred upon plaintiff on May 14, 2016, and the invalidation and revocation of plaintiff's said Bachelor of Science degree, on or about January 18, 2018.

35.     Defendant Rhonda L. Haines is the Vice President for Human Resources and Chief Diversity Officer for SUNY Polytechnic, and possesses all of the authority, powers, duties and responsibilities prescribed therefor, *inter alia*, pursuant to applicable statutes, rules, regulations and case law.  She is being sued individually, and in her official capacity as Vice President for Human Resources and Chief Diversity Officer SUNY Polytechnic.

36.     Upon information and belief, defendant Haines is responsible for Bachelor of Science degrees earned, awarded and conferred upon undergraduate candidates within SUNY Polytechnic, including the Bachelor of Science degree conferred upon plaintiff on May 14, 2016, and the invalidation and revocation of plaintiff's said Bachelor of Science degree, on or about January 18, 2018.

37.     Defendant Katie Tynan-Simon is the Title IX Coordinator for SUNY Polytechnic, and possesses all of the authority, powers, duties and responsibilities prescribed therefor, *inter alia*, pursuant to applicable statutes, rules, regulations and case law.  She is being sued individually, and in her official capacity as Title IX Coordinator for SUNY Polytechnic.

38.     Upon information and belief, defendant Tynan-Simon is responsible for the invalidation and revocation of plaintiff's said Bachelor of Science degree conferred by SUNY Polytechnic, on or about January 18, 2018.

39.     Defendant Mark J. Lemire is an Associate Counsel for SUNY Polytechnic, and possesses all of the authority, powers, duties and responsibilities prescribed therefor, *inter alia*,

pursuant to applicable statutes, rules, regulations and case law.  He is being sued individually, and in his official capacity as Associate Counsel of SUNY Polytechnic.

40.     Upon information and belief, defendant Lemire is responsible for the invalidation and revocation of plaintiff's said Bachelor of Science degree conferred by SUNY Polytechnic, on or about January 18, 2018.

41.     Defendant Meghan Getman is the Registrar for SUNY Polytechnic, and possesses all of the authority, powers, duties and responsibilities prescribed therefor, *inter alia*, pursuant to applicable statutes, rules, regulations and case law.  She is being sued individually, and in her official capacity as Registrar for SUNY Polytechnic.

42.     Upon information and belief, defendant Getman is responsible for Bachelor of Science degrees earned, awarded and conferred upon undergraduate candidates at SUNY Polytechnic, including the Bachelor of Science degree conferred upon plaintiff on May 14, 2016, and the invalidation and revocation of said degree on or about January 18, 2018.

43.     At all times relevant herein, defendants John and Jane Does, 1-10 (the "Doe" defendants), whose actual names plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe" and "Jane Doe," were officials, agents, servants and employees of the State of New York and/or State University of New York, and within the scope of their employment as such.  On information and belief, the Doe defendants participated in, and were responsible for, the unconstitutional and unlawful invalidation and revocation of the plaintiff's SUNY Polytechnic Bachelor of Science degree conferred on May 14, 2016, complained of by the plaintiff herein.

44.     At all times relevant hereto, the individual defendants acted under color of State law within the scope of their employment with the State of New York and/or SUNY.

11

## FACTS

**Plaintiff is Admitted and Enrolls as an Undergraduate Nanoengineering Student
at the State University at Albany, Colleges of Nanoscale Science and Engineering**

45.     Plaintiff was admitted to UAlbany CNSE, and enrolled in the Fall 2012 Semester as a first year undergraduate nanoengineering student in the UAlbany CNSE Program.

46.     At the time plaintiff was admitted and enrolled in UAlbany CNSE for the Fall 2012 Semester, the CNSE Program was part of UAlbany.

47.     Plaintiff completed fifteen (15) credit hours of study for the Fall 2012 Semester with an earned GPA of 3.13 (*see* Exhibit A, Academic Transcript, p.1, Fall 2012). [3]

48.     Plaintiff aspired to pursue a selected course of study to develop her career interests and excel in her undergraduate program at UAlbany CNSE, and was dissatisfied with her earned GPA of 3.13 after completing the Fall 2012 Semester.  Upon further reflection, plaintiff realized that her academic and career interests may be better suited towards a program that combined technology, entrepreneurship and business, and started to explore academic alternatives, including a transfer to another undergraduate institution that offered combined technology and business programs.

49.     Prior to enrolling for the Spring 2013 Semester, plaintiff discussed her academic and career interests with Dr. Alain E. Kaloyeros, Professor of Nanoscience, Senior Vice President and Chief Executive Officer, UAlbany CNSE. [4]

---

3.  Fall 2012 courses, credit hours and grades: Calculus I, 4 (A-); Economic Impacts of Nanotech, 3 (B+); Chem Principals of Nano Sci I, 3 (B-); Chem Principals Lab I, 1 (B+); Phys. Principals of Nano Sci I, 3 (C+); and, Phys. Principals Lab I, 1 (A).

4.  *See*: https://www.albany.edu/administration/alain_e_kaloyeros.php  *See also*: SUNY website Press Release dated January 13, 2015, during the relevant times alleged herein, Dr. Kaloyeros was instrumental in establishing UAlbany CNSE and had led the institution since its inception. In 2015, he was appointed by the SUNY Board as President of SUNY Polytechnic, a "newly established State-wide campus [to] provide world-class educational opportunities and technology-driven public-private partnerships at Burgeoning physical locations in Albany, Utica, Syracuse, Rochester and Buffalo," and who "ha[d] been actively involved in the

50.     Following her discussions with Dr. Kaloyeros, plaintiff subsequently met with Dr. Kaloyeros and Dr. Robert Geer, Academic Provost of UAlbany CNSE, during January 2013, to explore available programs and curricula at UAlbany CNSE better tailored towards plaintiff's academic and career interests, instead of plaintiff's contemplated transfer to another undergraduate institution.

51.     As a result of plaintiff's meeting with Dr. Kaloyeros and Dr. Geer, plaintiff decided to continue her undergraduate education at UAlbany CNSE, and enrolled for the Spring 2013 Semester to focus her curriculum on nanobusiness, nanoeconomics, societal impacts, and other coursework discussed during her meeting with Dr. Kaloyeros and Dr. Geer, better tailored towards combining plaintiff's academic and career interests, together with a new concentration and path of study.

52.     Plaintiff completed thirteen (13) credit hours of study for the Spring 2013 Semester with an earned GPA of 3.93, and was named to the Dean's List for academic achievement and distinction (*see* Exhibit A, Academic Transcript, p.1, Spring 2013). [5]

53.     Plaintiff's newly focused coursework during the Spring 2013 Semester did not include laboratory classes or physics; rather, they concentrated on societal impacts of nanotechnology,

---

development and implementation of Governor Andrew Cuomo's high-tech strategy to enable New York State to become a global leader in the nanotechnology-driven economy of the 21st Century," and under whose "leadership and vision, SUNY Poly [was] well positioned to become one of the world's most advanced university-driven research enterprise, offering students a one-of-a-kind academic experience and providing thousands of corporate partners with access to an unmatched ecosystem for leading-edge research, development, and commercialization of nano-electronics and nanotechnology innovations." (*see* https://www.suny.edu/suny-news/press-releases/january-2015/1-13-15-leadership/suny-board-announces-leadership-at-polytechnic-institute-cobleskill-geneseo-and-herkimer-campuses.html).

5.  Spring 2013 courses, credit hours and grades: Calculus II, 4 (A); Societal Impacts of Nanotech, 3 (A-); Supervised Undergrad Research, 3 (A); and, Nanotechnology Survey, 3 (A).

writing reports and papers with nanotechnology topics, and continuing calculus. Plaintiff was enthusiastic about her new path of study, program concentration, and academic achievement.

54.     Shortly thereafter, plaintiff was assigned several advisors at UAlbany CNSE, including Dr. Laura Schultz, Nanoeconomics Department, Dr. Unni Pillai, Nanoeconomics Department, and Dr. Daniel D. White, Director of Academic Advisement.

55.     Plaintiff enrolled for the Fall 2013 Semester and completed fifteen (15) credit hours of study for the Fall 2013 Semester with an earned GPA of 3.94, and was again named to the Dean's List for academic achievement and distinction (see Exhibit A, Academic Transcript, p.1, Fall 2013).[6]

### Plaintiff's Student-Initiated Interdisciplinary Program is Approved by University Officials pursuant to Established Guidelines

56.     During the Fall 2013 Semester, plaintiff and her advisor, Dr. Laura Schultz, discussed the creation of a mutually agreed degree path as prescribed by the UAlbany Student-Initiated Interdisciplinary Major option available through the Interdisciplinary Studies Committee of the Undergraduate Academic Counsel to allow highly motivated students to meet special educational goals not otherwise attainable (see Exhibit B, 11/5/13 email from Laura Schultz with UAlbany Student-Initiated Interdisciplinary Major guidelines and requirements; and Exhibit C and Exhibit D, Plaintiff's student-initiated interdisciplinary major in Nanotechnology and Entrepreneurship, with a minor in Business).

57.     Following the recommendations of her advisors and faculty members, plaintiff enrolled for the Spring 2014 Semester and completed nine (9) credit hours of study for the Spring 2014

---

6. Fall 2013 courses, credit hours and grades: Prin Eco II - Macroeconomics, 3 (A-); Elementary Statistics, 3 (A); Information Tech for Business, 3 (A); Financial Accounting, 3 (A); and, Indep Study & Research – Disruptive Tech, 3 (A).

Semester with an earned GPA of 4.00, and received a Dean's Commendation for academic achievement and distinction (*see* <u>Exhibit A</u>, Academic Transcript, p.1, Spring 2014). [7]

58.    The coursework for plaintiff's approved student initiated interdisciplinary major in Nanotechnology and Entrepreneurship, with a minor in Business, for her earned Bachelor of Science degree, awarded and conferred by SUNY Polytechnic on May 14, 2016, was approved by plaintiff's sponsors and academic advisors at UAlbany and SUNY Polytechnic, including specific course approval and guidance from her sponsors, academic advisors and faculty members, including Dr. Paul Miesing, Dr. Laura Schutz, Dr. Unni Pillai, and Dr. Daniel D. White, as well as defendant Meghan Getman, Registrar, SUNY Polytechnic, and Dr. Zora Thomova, Interim Dean, SUNY Polytechnic.

59.    At the start of the Spring 2014 Semester, Dr. Unni Pillai reviewed the UAlbany Student-Initiated Interdisciplinary Major option program guidelines and requirements with plaintiff, and discussed necessary steps to obtain sponsors and academic advisors. Dr. Unni Pillai arranged to have Dr. Laura Schutz, Nanoeconomics Department, act as plaintiff's primary sponsor, and reached out for a secondary sponsor (*see, e.g.* <u>Exhibit E</u> and <u>Exhibit F</u>).

60.     Dr. Laura Schutz, Dr. Unni Pillai, and Dr. Daniel D. White assisted plaintiff in the drafting and submission of her application, personal statement, and other documents prescribed by the UAlbany Student-Initiated Interdisciplinary Major guidelines and requirements (*see e.g.* <u>Exhibit F</u>).

61.    Plaintiff continued to seek guidance and approval from her sponsors and advisors, including Dr. Schultz and Dr. White, regarding specific coursework and guidance for her approved student-initiated interdisciplinary study program and degree (*see, e.g.* <u>Exhibit G</u> and <u>Exhibit H</u>).

---

7.   Spring 2014 courses, credit hours and grades: Intermediate Microeconomics, 3 (A); Topics Statistical Inference, 3 (A); and, Independent Study & Research, 3 (A). Plaintiff also added a 3 credit hour course in Beginning Drawing for the Summer 2014 Semester, and earned a grade of A (<u>Exhibit A</u>).

62. Each semester during the pursuit of her student-initiated interdisciplinary study program and degree, plaintiff continued to seek guidance and approval from her sponsors and advisors, including Dr. Schultz and Dr. White, regarding specific coursework and guidance to complete her program and earn her degree (*see, e.g.* Exhibit H, Exhibit I, Exhibit J and Exhibit K).

63. During the Spring 2015 Semester, Dr. White advised plaintiff that UAlbany CNSE was splitting from UAlbany to become a separate college within the newly created SUNY Polytechnic, and that she had the option to transfer her last semester and graduate with her degree from SUNY Polytechnic, or complete her last semester and graduate with her degree from UAlbany.

64. Based upon Dr. White's recommendation to plaintiff that SUNY Polytechnic would be a better option for her since her pursued course of study and interest was in the nanotechnology field, plaintiff decided to transfer and graduate with a degree from SUNY Polytechnic (*see, e.g.* Exhibit I).

65. Dr. White met with plaintiff and specifically advised her regarding the transfer, application and cross-registration process, assisted plaintiff with her transfer to SUNY Polytechnic and registration for classes for the Spring 2016 Semester, and that he or Dr. Schutz could be her advisor for SUNY Polytechnic (*see, e.g.* Exhibit J).

66. Plaintiff completed her transfer to SUNY Polytechnic and registered for the Spring 2016 Semester to complete her student-initiated interdisciplinary study program, and upon completion, graduate with a degree from SUNY Polytechnic in May 2016.

**Plaintiff Completes her Approved Student-Initiated Interdisciplinary Program
and is Awarded an Earned Bachelor of Science Degree with Honors**

67. The coursework for plaintiff's approved student-initiated interdisciplinary major in Nanotechnology and Entrepreneurship, with a minor in Business, leading to the Bachelor of Science degree conferred upon plaintiff by SUNY Polytechnic on May 14, 2016, was approved by plaintiff's

sponsors and academic advisors at SUNY Polytechnic, and included specific course review, approval and/or guidance from defendant Meghan Getman, Registrar, SUNY Polytechnic, and Dr. Zora Thomova, Interim Dean, SUNY Polytechnic (*see, e.g.* Exhibit L and Exhibit M).

68.     Plaintiff's four-year course of undergraduate study culminated at SUNY Polytechnic pursuant to her approved student-initiated interdisciplinary study program and prescribed guidelines, including specific course and program approval by her sponsors, advisors and university officials, to earn a degree majoring in Nanotechnology and Entrepreneurship, with a minor in Business.

69.     Following a review and verification all degree requirements by SUNY Polytechnic (*see, e.g.* Exhibit N, Exhibit O and Exhibit P), plaintiff was awarded a Bachelor of Science degree conferred by SUNY Polytechnic on May 14, 2016 (Exhibit Q), with honors, and received an award for having the highest GPA in her class. [8]

70.     Plaintiff reasonably relied upon and believed the representations made by her sponsors, advisors, and university officials, in approving her student-initiated interdisciplinary study program, course of study and degree requirements pursuant to established UAlbany and SUNY Polytechnic program guidelines and requirements, including specific course approval, guidance and recommendations to earn her degree from SUNY Polytechnic (*see e.g.* Exhibit R, Plaintiff's History and Synopsis of Educational Career at CNSE and SUNY Polytechnic).

### State Defendants Unilaterally and Arbitrarily Invalidate and Revoke Plaintiff's Degree in Bad Faith

71.     On January 16, 2018, defendant Rhonda L. Haines, VP for Human Resources and Chief Diversity Officer, SUNY Polytechnic, contacted plaintiff and requested a meeting to discuss an

---

8.  Plaintiff completed her four year course of study with an earned cumulative GPA of 3.81, and except for her first semester, distinguished herself academically each semester by being named to the Dean's List or Dean's Commendation (*see* Exhibit A).

"Academic Matter," without providing any details regarding the substance or nature of the meeting (*see* Exhibit S).  When plaintiff inquired further, Ms. Haines replied that it was" regarding a complaint relating to [her] academics," and that there was "nothing [for plaintiff] to prepare" (*Id.*).

72.     On January 18, 2018, as requested by Ms. Haines, plaintiff met with defendant Rhonda L. Haines, VP for Human Resources and Chief Diversity Officer, SUNY Polytechnic, and defendant Katie Tynan-Simon, Title IX Coordinator, SUNY Polytechnic.  During this meeting, plaintiff: was handed a letter dated January 16, 2018, signed by Alain Diebold, Interim Dean, SUNY Polytechnic (Exhibit T), and advised that her Bachelor of Science degree in Nanoscale Science conferred by SUNY Polytechnic in May of 2016, was invalidated and revoked based upon an anonymous complaint and subsequent audit of her coursework indicating that she did not meet minimum degree requirements; was not provided copy of the audit report, although requested; was generally advised that her degree requirements were unsatisfactory and must complete additional coursework for a degree; was made the subject of an inquiry regarding whether she had been sexually harassed or had a relationship with Dr. Alain E. Kaloyeros, former President and CEO of SUNY Polytechnic, and Professor of Nanoscience and Senior VP and CEO, College of Nanoscale Science and Engineering, University at Albany; was handed a folder containing SUNY's Discrimination Complaint Procedure, Charge of Discrimination form, information regarding SUNY Polytechnic's designated Title IX Coordinators, and various related pamphlets and information (Exhibit U); and, was encouraged to disclose the nature of her alleged relationship with Dr. Kaloyeros and file a sexual harassment complaint against him.

73.     During the January 18, 2018 meeting with plaintiff, defendant Haines refused to disclose who filed the alleged complaint against plaintiff.

18

74.     During the January 18, 2018 meeting with plaintiff, defendant Haines asked plaintiff who approved her program and advised her to register for the coursework she had completed.

75.      During the January 18, 2018 meeting with plaintiff, defendant Haines stated that they know that she had a relationship with Dr. Kaloyeros, and that they believed that plaintiff was awarded her degree by SUNY Polytechnic as a result of her relationship with Dr. Kaloyeros.

76.      During the January 18, 2018 meeting with plaintiff, defendant Haines stated that if Dr. Kaloyeros promised plaintiff a degree, or anything similar that made her uncomfortable, that plaintiff could tell them and they would help her.

77.     During the January 18, 2018 meeting with plaintiff, defendant Haines asked plaintiff again who was in charge of approving her program and coursework, and that the person responsible for approving her program and coursework should be reprimanded.

78.     Plaintiff did not acknowledge or respond to Ms. Haines' baseless accusations regarding her approved student-initiated interdisciplinary program and degree, or Ms. Haines' vulgar typification regarding a connection between her degree and alleged relationship with Dr. Kaloyeros.

79.     During the January 18, 2018 meeting, plaintiff remained silent for the most part, except for inquiring about who made the alleged complaint and requesting a copy of the audit, and advised them that she would sit down and listen.

80.     During the January 18, 2018 meeting, and thereafter, plaintiff was never given any notice or advised that she had an opportunity to be heard, contest, appeal or grieve SUNY Polytechnic Institute's invalidation and revocation of her degree; nor was plaintiff advised of any specifics regarding the alleged coursework deficiencies.  Instead, plaintiff was generally advised that SUNY Polytechnic had identified several potential options for her to take additional coursework to "earn a degree."

81.     During said meeting on January 18, 2018, plaintiff was shocked, distressed and bewildered by the summary and arbitrary invalidation and revocation of her earned Bachelor of Science degree conferred by SUNY Polytechnic on May 14, 2016, the lack of any specifics regarding the alleged coursework deficiencies, the untoward focus on her alleged relationship with Dr. Kaloyeros, the accusation that plaintiff was awarded her degree by SUNY Polytechnic as a result of her relationship with Dr. Kaloyeros, and repeated encouragement to file a complaint against him.

82.     Plaintiff left the January 18, 2018 meeting humiliated and stripped of her degree without warning as a *fait accompli*, through no fault of her own, and without any offered recourse to be heard.  Rather, it appeared to plaintiff that she was targeted and set-up by SUNY Polytechnic and State defendants in an attempt to obtain information from her about the alleged nature of her relationship with Dr. Kaloyeros, and to discredit and bring punitive action against him, by isolating and pressuring plaintiff through the unilateral and arbitrary invalidation and revocation of her earned degree.

83.     Following the January 18, 2018 meeting, plaintiff requested a copy of the audit report referred to by defendant Haines, and on January 19, 2018, Ms, Haines provided a "course substitution list that was provided to the registrar [defendant Meghan Getman]" and "course substitution spreadsheet… that shows the course requirements and substitutions" (*see* Exhibit V).

84.     Although requested, plaintiff was never advised who prepared the course substitution list and spreadsheet, or the basis for the course substitutions.

85.     Plaintiff was never provided any notice or opportunity to provide an explanation to substantiate her coursework or to contest or challenge the course substitution list she was provided.

86.     The only option provided to plaintiff by SUNY Polytechnic was the need to complete additional coursework to obtain her degree.

87.     Following the January 18, 2018 meeting, plaintiff sought assistance from defendant Haines in finding advisors who could assist her in completing the additional coursework demanded by SUNY Polytechnic to obtain her degree, and thereafter contacted Dr. Daryl Lee, Coordinator for Interdisciplinary Studies, SUNY Polytechnic, in an effort to reconcile her coursework for the interdisciplinary study program at SUNY Polytechnic, and was advised that it would be difficult under the circumstances with the limited information available to him regarding her completed coursework (*see* Exhibit W and Exhibit X).

88.     On or about January 24, 2018, plaintiff met with defendant Diebold and defendant Getman, and was advised that: she needed an additional 65 credits to get her degree from SUNY Polytechnic; that her student initiated interdisciplinary program study major had stayed and UAlbany when she transferred to SUNY Polytechnic; and was provided a substitution table (Exhibit Y), although they would not disclose who prepared it or gave it to them.

89.     On or about January 25, 2018, plaintiff met with defendant Getman and Robert Edgell, SUNY Polytechnic, who advised her that she would need to complete an additional five (5) business courses, about 20 credits, only offered at the Utica campus, and that she could not take online equivalents or substitute existing courses because they are "already being too lenient" with her.

90.     On or about January 25, 2018, plaintiff met with defendant Getman and Dr. Daryl Lee, Coordinator for Interdisciplinary Studies, SUNY Polytechnic, and was advised that she would need an additional 32 credits for her Interdisciplinary degree at SUNY Polytechnic Institute.

91.     Given defendant SUNY Polytechnic's position regarding the amount of additional coursework demanded, it became clear to plaintiff that it would take at least two (2) additional years of undergraduate study and coursework at SUNY Polytechnic for her to obtain her degree.

92.      Shortly thereafter, plaintiff contacted an attorney, Susan Hoffinger, who spoke to

defendant Mark J. Lemire, Associate Counsel, SUNY Polytechnic, and was advised by Mr. Lemire that plaintiff did not qualify for any degree, and there was no way plaintiff would get back her degree or any other degree without taking additional coursework.  Mr. Lemire further stated that plaintiff was not a victim because victims cooperate, and plaintiff was not cooperating with them regarding Dr. Kaloyeros.

93.     SUNY Polytechnic defendants' continuing vulgar typifications regarding the nature of plaintiff's alleged relationship with Dr. Kaloyeros, and continuing pressure to file a complaint against him, suggests that the SUNY Polytechnic and State defendants' actions herein were motivated by bad-faith.

94.     Upon information and belief, the SUNY Polytechnic's and State defendants' actions challenged herein were based upon ulterior motives politically related to Dr. Kaloyeros, made in bad-faith, and unrelated to legitimate academic concerns regarding plaintiff's degree qualifications.

95.     On January 31, 2018, plaintiff met with UAlbany advisor, John Donoghue, on her own initiative, to discuss UAlbany's Student Initiated Major, and was advised that her completed coursework appeared to follow the program requirements, but would need to be researched further with the Office of Undergraduate Education since the colleges were separate entities at that time.

96.     Plaintiff continued to work with university officials at UAlbany in pursuit of her student initiated Bachelor of Science degree based upon her completed coursework, and UAlbany program requirements and guidelines.

97.     Upon information and belief, UAlbany's student initiated major program requirements and guidelines for her degree were the same as those at the time she initiated and embarked upon her program years earlier leading to the Bachelor of Science degree awarded and conferred upon plaintiff by SUNY Polytechnic on May 14, 2016.

98.     During February 2018, plaintiff worked with Karen McNeill, Assistant Dean of Undergraduate Education, UAlbany, and drafted plaintiff's History and Synopsis of Educational Career at CNES and SUNY Polytechnic, documenting plaintiff's prior Student Initiated Major and completed coursework (Exhibit R).

99.     In further pursuit of plaintiff's student initiated program and degree at UAlbany, plaintiff prepared and submitted her completed application pursuant to the prescribed program guidelines, including her proposed Interdisciplinary Major for a BS in Nanotechnology Entrepreneurship Bachelor, two faculty sponsors, a list of her completed course requirements, a personal statement, sponsor's letter of support, and a course description and explanation (Exhibit Z).

100.    The Interdisciplinary Studies Committee of the Undergraduate Academic Council at UAlbany met in October 2018, and approved plaintiff's major without requiring any additional courses.

101.    On December 22, 2018, UAlbany awarded and conferred upon plaintiff a Bachelor of Science degree, *Summa Cum Laude* (Exhibit AA).

102.    Any assertion by defendant SUNY Polytechnic, university officials, and State defendants, that plaintiff did not qualify or complete the necessary coursework for the Bachelor of Science degree conferred upon her by SUNY Polytechnic on May 14, 2016, is belied by plaintiff's academic transcript and completion of her previously approved student-initiated interdisciplinary major program and degree requirements established by university officials and advisors prior to conferral of her degree by SUNY Polytechnic on May 14, 2016.

103.    Upon information and belief, defendant SUNY Polytechnic's invalidation and revocation of plaintiff's Bachelor of Science degree awarded and conferred on May 14, 2016, had nothing to do with plaintiff's academic qualifications for the conferred degree, and everything to do

with its unlawful and unconstitutional attempts to use the invalidation and revocation of plaintiff's

degree to pressure plaintiff to provide damaging information concerning Dr. Kaloyeros, and to have

her "cooperate" and file a complaint against Dr. Kaloyeros that could be used by the State defendants

for nefarious purposes unrelated to plaintiff's academic qualifications.

104.    No prior judicial application has been made for the relief requested herein.

105.    Plaintiff demands a jury trial.

## CLAIMS FOR RELIEF

## I. IMPAIRMENT OF CONTRACT

106.    Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1-105 of

this Complaint, as if fully set forth herein.

107.    The Contract Clause of Article I, §10, of the U.S. Constitution prohibits the State

from taking any action or implementing any law, rule or regulation impairing contractual rights and

obligations.

108.    Under New York law, an implied contract is formed when a university accepts a

student for enrollment.  If a student complies with the terms prescribed by the university and

completes the course work and requirements for a degree, the university must award the student a

degree.

109.    The terms of the implied contract are contained in the university's bulletins, circulars,

regulations, and programs made available to the student.

110.    As prescribed by the Student-Initiated Interdisciplinary Major guidelines and

established requirements at UAlbany and SUNY Polytechnic, the Student-Initiated Interdisciplinary

Major option was available to plaintiff through the Interdisciplinary Studies Committee of the

Undergraduate Academic Counsel to allow highly motivated students to meet special educational goals not otherwise attainable.

111.     Plaintiff's Student-Initiated Interdisciplinary Major to meet graduation requirements was reviewed and approved by State defendants and university officials entrusted with the responsibility to supervise and approve plaintiff's participation and completion of the required program coursework for her to qualify and earn her Bachelor of Science degree from SUNY Polytechnic Institute.

112.     Plaintiff's program coursework was reviewed, recommended, guided and approved by UAlbany and SUNY Polytechnic university officials at each step, including specific course recommendations, course approvals, and course registrations each semester as she worked to complete her approved Student-Initiated Interdisciplinary Major program pursuant to the applicable guidelines and requirements to meet graduation and degree requirements.

113.     Plaintiff successfully completed all of her course and program requirements for her approved student-initiated interdisciplinary major and Bachelor of Science degree by SUNY Polytechnic.

114.     State defendants are parties to the Student-Initiated Interdisciplinary Major program option, guidelines and requirements at UAlbany and SUNY Polytechnic to meet graduation and degree requirements, and entered into a valid and binding agreement and contract with its enrolled students, including the plaintiff.

115.     Plaintiff completed all course, program and graduation requirements for the Bachelor of Science degree awarded and conferred upon plaintiff by SUNY Polytechnic on May 14, 2016.

116.    Upon information and belief, a review of plaintiff's course, program and graduation requirements were reviewed and verified by the appropriate university officials at SUNY Polytechnic prior to awarding and conferring upon plaintiff the Bachelor of Science degree on May 14, 2016.

117.    Upon completion of plaintiff's student-initiated interdisciplinary program and degree requirements in May 2016, State defendants and SUNY Polytechnic were contractually obligated to award and confer her Bachelor of Science degree on May 14, 2016.

118.    It was the plaintiff's understanding that State defendants and SUNY Polytechnic were contractually obligated and required to award and confer her Bachelor of Science degree on May 14, 2016.

119.    Plaintiff has a continuing contractual right to the Bachelor of Science degree awarded and conferred upon her by SUNY Polytechnic on May 14, 2016.

120.    The State defendants' unilateral and arbitrary invalidation and revocation of plaintiff's conferred Bachelor of Science degree on or about January 18, 2018, violated and substantially impaired plaintiff's contract rights to said degree.

121.    The State defendants' invalidation and revocation of plaintiff's degree constituted a substantial impairment of plaintiff's contract rights to her Bachelor of Science degree awarded and conferred upon plaintiff by SUNY Polytechnic on May 14, 2016, does not serve a significant public purpose, and is an abuse of power.

122.    State Defendants' unilateral and arbitrary invalidation and revocation of plaintiff's Bachelor of Science degree awarded and conferred upon plaintiff by SUNY Polytechnic on May 14, 2016, impairs a contractual obligation in violation of Article I, § 10, of the United States Constitution.

123.    Plaintiff has suffered damages as a result of the State defendants' impairment of her protected contract rights.

## II. VIOLATION OF SUBSTANTIVE DUE PROCESS

124.    Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1-123 of this Complaint, as if fully set forth herein.

125.    The Fourteenth Amendment to the U.S. Constitution provides that no "State shall deprive any person of life, liberty, or property, without due process of law."

126.    Article I, §6, of the New York Constitution provides that no person "shall be deprived of life, liberty or property without due process of law."

127.     Under Article I, §6, of the New York Constitution, the State may not deprive a party to a contract of an essential contractual attribute without due process of law.

128.    Plaintiff has a fundamental property interest protected by the Fourteenth Amendment of the U.S. Constitution, and Article I, § 6, of the New York Constitution, to the Bachelor of Science degree awarded and conferred upon her by SUNY Polytechnic on May 14, 2016.  The State defendants' invalidation and revocation of plaintiff's Bachelor of Science degree substantially infringed upon this interest.

129.    The State defendants' invalidation and revocation of plaintiff's Bachelor of Science degree deprived plaintiff of fundamental property interests without any compelling state interests narrowly tailored to accomplish the State defendants' public purpose involving a student's academic qualifications, issuance of academic credentials, awarding and conferring of academic degrees, or the good-faith invalidation and revocation thereof for just cause.

130.    The State defendants' decision on or about January 18, 2018, to invalidate and revoke plaintiff's Bachelor of Science degree awarded and conferred by SUNY Polytechnic on May 14, 2016, was motivated by bad faith or ill will unrelated to plaintiff's academic performance and the

Case 1:19-cv-00564-MAD-ATB   Document 1   Filed 05/11/19   Page 28 of 35

exercise of professional judgment.  Accordingly, State defendants are not entitled to the solicitude ordinarily afforded by the courts to an educational institution's academic judgments.

131.    Plaintiff has suffered damages as a result of the State defendants' deprivation of her constitutional rights.

### III. VIOLATION OF FREEDOM OF ASSOCIATION

132.    Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1-131 of this Complaint, as if fully set forth herein.

133.     The United States Constitution protects an individual's right to freedom of association.

134.    Freedom of association includes the First Amendment right to expressive association, and the right to intimate association/human relationships, as an intrinsic element of personal liberty.

135.    The constitutional right to freedom of association includes Fourteenth Amendment Due Process liberty and privacy interests.

136.    Article I, § 6, of the New York Constitution also protects the right to freedom of association against unreasonable government intrusion.

137.    Plaintiff has a fundamental constitutional right to form and build meaningful and appropriate academic and personal relationships with university officials, including Dr. Alain Kaloyeros.

138.    The State defendants' invalidation and revocation of plaintiff's Bachelor of Science degree awarded and conferred by SUNY Polytechnic on May 14, 2016, directly and substantially infringed upon this interest.

139.    The State defendants' invalidation and revocation of plaintiff's Bachelor of Science degree awarded and conferred by SUNY Polytechnic on May 14, 2016, deprived plaintiff of her

constitutional right to association without any compelling State interest narrowly tailored to accomplish any purported public purpose by State defendants.

140.    The State defendants' invalidation and revocation of plaintiff's Bachelor of Science degree awarded and conferred by SUNY Polytechnic on May 14, 2016, deprived plaintiff of her constitutional right to association without any important State interest substantially related to that interest by State defendants.

141.    The State defendants' invalidation and revocation of plaintiff's Bachelor of Science degree awarded and conferred by SUNY Polytechnic on May 14,  2016, deprived plaintiff of her constitutional right to association without any rational or objective basis under the circumstances to justify the State defendants' intrusion on the plaintiff's associational freedom.

142.    Plaintiff has suffered damages as a result of the State defendants' deprivation of her constitutional rights.

## IV. VIOLATION OF PROCEDURAL DUE PROCESS

143.    Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1-142 of this Complaint, as if fully set forth herein.

144.    Plaintiff has a fundamental property interest protected by the Fourteenth Amendment to the Bachelor of Science degree awarded and conferred to her by SUNY Polytechnic on May 14, 2016.

145.    State defendants' unilaterally and arbitrarily invalidation and revocation of plaintiff's Bachelor of Science degree awarded and conferred by SUNY Polytechnic on May 14, 2016, without adequate written notice regarding their intent to revoke her degree, without providing plaintiff the factual basis and information for its revocation, and without providing plaintiff with information

regarding an opportunity to be heard, or an opportunity to appeal or grieve the revocation of her degree.

146.     Due process requires timely and adequate notice detailing the State defendants' reasons for invalidating and revoking plaintiff's BS degree conferred by SUNY Polytechnic, as well as a meaningful opportunity for plaintiff to challenge the invalidation and revocation of her degree.

147.     State defendants' meeting with plaintiff on or about January 18, 2018, to advise her that her degree was being invalidated and revoked, did not fulfill State defendants' constitutional obligations because defendants simply advised her that the revocation was based upon an anonymous complaint and undisclosed audit of her coursework indicating that she did not meet the minimum degree requirements, and simply informed her that they had identified options and were available to assist her in completing additional course work for her to earn her degree, and flatly ignored any discussion, suggestion or procedure for plaintiff to follow to be heard and challenge the invalidation and revocation of her degree.

148.     The State defendants' interference with plaintiff's property interests in her degree, without clear, consistent and adequate procedural protections, created a constitutionally intolerable risk of erroneous deprivation of plaintiff's fundamental rights and unlawfully restricted the plaintiff's fundamental property interests.

149.     The State defendants' have no legitimate governmental interest that outweighs the benefits of providing plaintiff and others with adequate procedural safeguards of notice and opportunity, as well as a procedure that sets forth a clear legal standard based on a limited and clearly articulated set of factors for a hearing officer or panel to consider, thereby reducing the risk of State defendants' erroneous deprivation of plaintiff's property interests.

150.     Plaintiff has suffered damages as a result of the State defendants' deprivation of her constitutional rights.

## V. VIOLTION OF CIVIL RIGHTS

151.     Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1-150 of this Complaint, as if fully set forth herein.

152.     State defendants acted under color of State law in depriving plaintiff of her aforesaid rights guaranteed by the United States Constitution when they invalidated and revoked the Bachelor of Science degree awarded and conferred upon plaintiff by SUNY Polytechnic on May 14, 2016.

153.     By virtue of State defendants' violation of the plaintiff's constitutional rights, plaintiff has stated a cause of action pursuant to 42 USC §1983.

154.     Plaintiff has suffered damages as a result of the State defendants' deprivation of her constitutional and civil rights.

## VI. BREACH OF CONTRACT

155.     Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1-154 of this Complaint, as if fully set forth herein.

156.     Plaintiff has at all times complied with her obligations and agreement under the terms of the applicable Student-Initiated Interdisciplinary Major program guidelines and requirements at UAlbany and SUNY Polytechnic Institute.

157.     Under New York law, an implied contract is formed when a university accepts a student for enrollment.  If the student complies with the term prescribed by the university and completes the required courses, the university must award her a degree.

158.     Plaintiff successfully completed all of her course and program requirements for her approved student-initiated interdisciplinary major and Bachelor of Science degree by SUNY

Polytechnic Institute to meet graduation and degree requirements.

159.    State defendants are parties to the Student-Initiated Interdisciplinary Major program option, guidelines and requirements at UAlbany and SUNY Polytechnic to meet graduation and degree requirements, and entered into a valid and binding agreement and contract with its enrolled students, including the plaintiff.

160.    Plaintiff completed all course, program and graduation requirements for the Bachelor of Science degree awarded and conferred upon plaintiff by SUNY Polytechnic on May 14, 2016.

161.    Plaintiff has a continuing contractual right to the Bachelor of Science degree conferred upon her by SUNY Polytechnic on May 14, 2016.

162.    The State defendants' invalidation and revocation of plaintiff's Bachelor of Science degree conferred by SUNY Polytechnic, on or about January 18, 2018, constituted a breach of plaintiff's contract rights to said degree.

163.    The State defendants are estopped from invalidating and revoking plaintiff's Bachelor of Science degree conferred upon her by SUNY Polytechnic on May 14, 2016

164.    Plaintiff has suffered damages as a result of the State defendants' breach of her contract rights.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(a)  Declare that the State defendants' and defendant SUNY Polytechnic's invalidation and revocation of plaintiff's Bachelor of Science degree awarded and conferred by SUNY Polytechnic on May 14, 2016, was unconstitutional and constituted a breach of contract;

(b)  Order that the State defendants and defendant SUNY Polytechnic restore and reinstate plaintiff's Bachelor of Science degree awarded and conferred by SUNY Polytechnic on May 14, 2016, with all associated rights, titles, privileges and benefits;

(c)  Issue a permanent injunction enjoining State defendants and defendant SUNY Polytechnic from invalidating and revoking plaintiff's Bachelor of Science degree conferred upon her by SUNY Polytechnic on May 14, 2016, and barring the irreparable constitutional injury;

(d)  Award plaintiff monetary damages for a violation of her constitutional rights and breach of contract, for her pain and suffering, and to compensate her for expenses incurred as a result of the State defendants' and defendant SUNY Polytechnic's actions challenged herein;

(e)  Award the plaintiff reasonable attorneys' fees, costs, and disbursements of this action pursuant to 42 USC § 1988, and as otherwise allowed by law; and

(f)  Grant such other and further relief as the Court may deem just and proper.

Dated: Albany, New York
       May 10, 2019

LAW OFFICE OF JEFFREY P. MANS

Jeffrey P. Mans, Esq.
Bar Roll No. 508506
*Attorney for Plaintiff*
P.O. Box 11-282
Albany, New York 12211-0282
(518) 265-4135
ADKHIGHLANDER@GMAIL.COM

## VERIFICATION

I, Patrizia Burinska, hereby verify as follows:

    1.  I am the plaintiff in this lawsuit.  I make this Verification in connection with the filing of the foregoing Complaint.

    2.  I have reviewed the facts in the Complaint and know the contents thereof.  I verify that the allegations as to which I have personal knowledge are true.  With the remaining allegations, I verify them to be true to the best of my knowledge, information and belief.

    3.  Pursuant to 28 USC § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Albany, New York
       May 10, 2019

                                          _____
                                                Patrizia Burinska

To:    Office of the Attorney General
State Capitol
Albany, New York 12224-0341

State University of New York
State University Plaza
353 Broadway
Albany, New York 12246

State University of New York Board of Trustees
State University Plaza
353 Broadway
Albany, New York 12246

State University of New York, University at Albany
1400 Washington Avenue
Albany, New York 12222

SUNY Polytechnic Institute
257 Fuller Road
Albany, New York 12203

Dr. Grace Wang, Interim President
Alain Diebold, Interim Dean
Rhonda L. Haines, VP for Human Resources and Chief Diversity Officer
Mark J. Lemire, Associate Counsel
Katie Tynan-Simon, Title IX Coordinator
Megan Getman, Registrar
SUNY Polytechnic Institute
257 Fuller Road
Albany, New York 12203